William A. Kershaw, State Bar No. 057486
Stuart C. Talley, State Bar No. 180374
Ian J. Barlow, State Bar No. 262213
**KERSHAW, COOK & TALLEY PC**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile:  (916) 721-2501
Email: bill@kctlegal.com
Email: stuart@kctlegal.com
Email: ian@kctlegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ALGER,<br><br>            Plaintiff,<br><br>    v.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>1) Violation of the Magnuson-Moss Act – Implied Warranty<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shawn Alger ("Plaintiff") files this case against FCA US LLC (formerly known as Chrysler Group LLC and referred to herein as "Chrysler") and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. This action arises under 15 U.S.C. § 2301, *et seq.*

2. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this district, purchased the product at issue in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district. In addition, Chrysler does substantial

-1-

COMPLAINT

business in this judicial district and has received substantial benefit from doing business in this judicial district.  Chrysler is subject to personal jurisdiction in the State of California and in this judicial district.

## PARTIES

3. Plaintiff Shawn Alger is a resident of Antelope, California and a citizen of the State of California.

4. Defendant FCA US LLC is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan.  FCA US is the U.S. subsidiary of Italian multinational automaker Fiat, S.p.A.  FCA US LLC is formerly known as Chrysler Group LLC.  FCA US is in the business of designing, testing, manufacturing, selling, and supporting the motor vehicle that is the subject of this complaint.  FCA US does business nationwide.

## FIRST CAUSE OF ACTION
### (For Violations of the Magnuson-Moss Act – Implied Warranty)

5. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

6. Plaintiff purchased a Chrysler vehicle from the defendant that had a safety defect that was not disclosed to Plaintiff at the time of purchase.  Had Plaintiff known of the defect, he would not have purchased the vehicle or would have paid substantially less.

7. The Chrysler vehicle purchased by Plaintiff is a "consumer product" as that term is defined under 15 U.S.C. § 2301(1).

8. Plaintiff is a "consumer" as that term is defined under 15 U.S.C. § 2301(3).

9. Defendant is a "supplier" as that term is defined under 15 U.S.C. § 2301(4).

10. Defendant is a "warrantor" as that term is defined under 15 U.S.C. § 2301(5).

11. Defendant provided Plaintiff with "implied warranties" as that term is defined under 15 U.S.C. § 2301(7).

12. Defendant breached its warranties by selling a vehicle to Plaintiff that was defective and refusing to provide required repairs or replacements to address the defect.

13. 15 U.S.C. § 2310(d)(1) provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States . . . ." 15 U.S.C. § 2310(d)(1)(A) and (B).

14. In its capacity as supplier, warrantor, and service provider, and by the conduct described herein, any attempt by Defendant to limit its warranties in a manner that would exclude or limit coverage for the defective vehicle is unconscionable and any such effort to disclaim or limit liability for said defects is void.

15. Defendant has had a reasonable opportunity to cure the defects, and any further obligation that may exist is extinguished by operation of the law as a result of, *inter alia*, Defendant's conduct as described herein, including its knowledge of the defects, denial of the defects, cover-up of the defects, and its improper action and inaction in the face of its knowledge of the defects.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For punitive damages in an amount to be determined at trial;

C. For an award of reasonable attorneys' fees, costs and expenses;

D. For interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

E. For such other and further relief, including equitable and injunctive relief, that the Court deems just, equitable, and appropriate under the circumstances.

/ / /

/ / /

/ / /

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all causes of action so triable.

Date: February 15, 2018.                    Respectfully submitted,


/s/ William A. Kershaw
William A. Kershaw
Stuart C. Talley
Ian J. Barlow
**KERSHAW, COOK & TALLEY PC**
401 Watt Avenue
Sacramento, California 95864
Telephone:  (916) 779-7000
Facsimile:   (916) 721-2501
bill@kctlegal.com
stuart@kctlegal.com
ian@kctlegal.com

Attorneys for *Plaintiff*