**KERSHAW, COOK & TALLEY PC**
William A. Kershaw (State Bar No. 057486)
Stuart C. Talley (State Bar No. 180374)
Ian J. Barlow (State Bar No. 262213)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501
Email: bill@kctlegal.com
Email: stalley@kctlegal.com
Email: ian@kctlegal.com

Attorneys for Plaintiff and the putative Class

**DYKEMA GOSSETT LLP**
James P. Feeney (State Bar No. 219045)
Dommond E. Lonnie (State Bar No. 142662)
Abirami Gnanadesigan (State Bar No. 263375)
333 South Grand Ave., Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Email: jfeeney@dykema.com
Email: dlonnie@dykema.com
Email: agnanadesigan@dykema.com

Attorneys for Defendant
FCA US LLC f/k/a Chrysler Group LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN ALGER as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00360-MCE-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to Hon. Morrison C. England, Jr.<br>Courtroom 7, 14th Floor<br>Complaint Filed: February 16, 2018 |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and/or is subject to an express obligation of confidentiality owed by the Designating Party to a third-party

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.8     Producing Party: a Party that produces Disclosure or Discovery Material in this action.

2.9     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.11    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure; and (c) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees in writing to remove the "Confidential" designation or a court order otherwise directs the removal of the "Confidential" designation and all proceedings or interlocutory appeals challenging such an order have been concluded. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. The Designating Party shall only designate as "Confidential" any Disclosure or Discovery Material that the Designating Party, believes, in good faith, contains Confidential Information or Items, as defined above.

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or made in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be treated as "Confidential" even if not so designated.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party will determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  The "Confidential" designation should not obscure or interfere with the legibility of the designated Disclosure or Discovery Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either (i) identifies on the record, before the close of the deposition, hearing, or other proceeding, all "Confidential" testimony; or (ii) designates, in writing, all "Confidential" testimony within 14 days of receipt of the official transcript unless a different time period is agreed upon by the parties.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failure to Designate. The inadvertent production by any Party or third party of any Disclosure or Discovery Material during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential," and such Party shall not be held to have waived any rights by such inadvertent production. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Upon receipt of notice that the Producing Party inadvertently produced Confidential Information or Items without a "Confidential" designation, the Receiving Party shall promptly destroy the inadvertently produced Confidential Information or Items and all copies thereof. The Receiving Party shall notify the Producing Party, in writing, of such destruction within ten (10) days of receipt of written notice of the inadvertent production. The Producing Party shall provide a replacement copy of the Confidential Information or Items with the appropriate "Confidential" designation no later than ten (10) days after providing the Receiving Party with notice of the inadvertently produced Confidential Information or Items.

5.4 Use of Confidential Information or Items in Open Court. The use by the Receiving Party of Confidential Information or Items in open Court in this or any related case shall not constitute a violation of this Stipulated Protective Order, and the use by either Party of Confidential Information or Items in open Court in this or any related case shall not constitute a waiver of confidentiality or other privileges in the materials used. A party seeking to lodge documents designated as "Confidential" under seal with the Court must do so pursuant to the standards and procedures set forth in Civil Local Rule 141.

5.5 Other Privileges. The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any

such assertion. Any Designating Party may redact from the documents and things it produced any item that the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal obligation against disclosure, or any other privilege or immunity. The

Designating Party shall mark each thing where matter has been redacted with a legend stating "REDACTED FOR PRIVILEGE," as appropriate, or a comparable notice that identifies whether the redaction is based on a privilege or some other basis. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Designating Party shall preserve an unredacted version of each such document. Any such assertions of attorney-client privilege, the attorney work product doctrine, or other privileges are subject to privilege logs requirements described below in Section 10.

**6. CHALLENGING COFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication alone are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or concludes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality under applicable local rules within 21 days of emailed notice from the Challenging Party of its conclusion that the meet and confer process will not resolve their dispute. Failure by the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation. However, the Parties may meet and confer to agree on a later, mutually acceptable date of filing the motion, to accommodate the parties' schedules and the like. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or those made in bad faith (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business or other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

8

STIPULATED PROTECTIVE ORDER 2:18-cv-00360-MCE-EFB

information or item designated "Confidential" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any actual or anticipated witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any other person or entity that the Designating Party agrees to, in writing.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) not oppose any reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information or Items – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL TO THIRD PARTIES**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must within twenty (20) days of discovery of the inadvertent production (a) notify in writing the Designating Party of the unauthorized disclosures (the "Inadvertent Production Notice"), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND PRIVILEGE LOGS**

10.1 The Parties have each taken reasonable measures to protect privileged information. The inadvertent or unintentional disclosure (including production) of material or Information that a

10
STIPULATED PROTECTIVE ORDER                                        2:18-cv-00360-MCE-EFB

Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine (the "Inadvertently Produced Privileged Material") shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the producing party would be entitled in the Proceeding or any other federal or state proceeding. Similarly, the Receiving Party's treatment of such material in a manner consistent with the Producing Party's claim of attorney-client privilege, attorney work product, or other protections does not constitute a waiver or estoppel as to the Receiving Party's ability to dispute or challenge those claims of protection.

10.2 Inadvertent disclosures of privileged or otherwise protected material are afforded the protections set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. In addition, when a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties must follow the procedures set forth in this paragraph. If a Receiving Party discovers that privileged material may have been inadvertently or unintentionally produced to the Receiving Party, it shall promptly notify the Producing Party. Such notification does not constitute agreement by the Receiving Party that the material at issue is properly subject to a claim of privilege or other protections. Upon discovery by the Producing Party (or upon receipt of notice from another that he/she/it may have produced Inadvertently Produced Privileged Material), the Producing Party shall, within ten (10) days of such discovery, request the return of such Inadvertently Produced Privileged Material, in writing, by identifying the material and stating the basis on which the Inadvertently Produced Privileged Material should be withheld from production. After being notified, all Receiving Parties must immediately cease any use of such materials except as provided below. Such party shall also return to the Producing Party or third party all copies of the Inadvertently Produced Privileged Material or destroy them and, within seven (7) calendar days, confirm that the Inadvertently Produced Privileged Material has been destroyed if all copies have not already been returned. If prior to receiving notice of an inadvertent production, the Receiving Party has disclosed the information to any other person or entity, the Receiving Party shall take

reasonable steps to arrange for retrieval and return of the documents or information from that person or entity that are claimed to be privileged. If any Party disputes the privilege claim, that Party shall notify the producing party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim. In the event that the parties do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies. ~~If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal, a copy of the disputed information in connection with the motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection.~~ The party or parties returning or destroying such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production. The return or destruction of any Inadvertently Produced Privileged Material shall not in any way preclude or prejudice either Party from moving the Court for an order that: (i) the Inadvertently Produced Privileged Material was never privileged or otherwise immune from disclosure; (ii) the Inadvertently Produced Privileged Material was privileged or otherwise immune from disclosure; or (iii) that any applicable privilege or immunity has been waived or accepted by some act other than the production, return or destruction of the Inadvertently Produced Privileged Material. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, circumstances, recipients, and topic of the Inadvertently Produced Privileged Material and such other information as is reasonably necessary to identify the Inadvertently Produced Privileged Material and describe its nature to the Court for purposes of adequately preparing any motion. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

      10.3    Attorney-client privileged communications and attorney work product that post-date

the service of Plaintiff's Complaint, filed on June 19, 2013, need not be placed on a privilege log. Any other material withheld subject to an assertion of privilege shall be identified on a privilege log by the following categories to assist the court in ruling on the claim of privilege:

    a) Log Number (this field shall contain a unique consecutive reference number for each entry—i.e., the row number);

    b) Beginning and ending bates numbers;

    c) Date of the material withheld;

    d) Persons present or participating in the communication, or author(s) and recipient(s) of the withheld material, including any titles or positions. For email, this shall include to, from, cc and bcc;

    e) Email subject line or file name of document (e.g., "Filename.docx.")

    f) Type of material withheld (e.g., letter, memorandum, or computer database);

    g) Description of the material withheld;

    h) Types of privilege(s) claimed and specific reason or reasons for nondisclosure; and

    i) Redacted or withheld status of document.

The parties agree to meet and confer within 30 days after the responding party's answers and responses regarding the exchange of privilege log(s).

**11. MISCELLANEOUS**

11.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek relief from, or modification of this Stipulated Protective Order by properly noticed motion to the court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

11.4 No Waiver or Admission. Nothing herein shall be deemed to waive or accept any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

11.5 The production of documents by FCA US shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this protective order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, et. seq.

**12. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION").

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | Dated: July 16, 2018. | **KERSHAW, COOK & TALLEY PC** |
| 2 | | |
| 3 | | */s/ Stuart C. Talley* |
| | | By: Stuart C. Talley (State Bar No. 180374) |
| 4 | | |
| 5 | | 401 Watt Avenue |
| | | Sacramento, California 95864 |
| 6 | | Telephone: (916) 779-7000 |
| | | Facsimile: (916) 721-2501 |
| 7 | | |
| | | Attorneys for Plaintiff and the putative Class |
| 8 | | |
| 9 | Dated: July 16, 2018. | **DYKEMA GOSSETT LLP** |
| 10 | | |
| 11 | | */s/ Dommond E. Lonnie* |
| | | By: Dommond E. Lonnie (State Bar No. 142662) |
| 12 | | |
| 13 | | 333 South Grand Ave., Suite 2100 |
| | | Los Angeles, California 90071 |
| 14 | | Telephone: (213) 457-1800 |
| | | Facsimile: (213) 457-1850 |
| 15 | | |
| | | Attorneys for Defendant |
| 16 | | FCA US LLC f/k/a Chrysler Group LLC |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 25, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE