UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY OLSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:18-cv-00360-DJC-JDP<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART |

On August 22, 2024, the Court heard oral argument on Defendant FCA US LLC's ("FCA") Motion to Compel Arbitration and Motion to Dismiss the Third Amended Complaint, where Attorneys Stuart Talley and Jack Robert Davis of Lieff Cabraser Heimann & Bernstein LLP appeared for Plaintiff and Attorneys Fred J. Fresard, PHV and Ian Edwards, PHV of Klein Thomas Lee & Fresard appeared for FCA. (*See* ECF No. 279; *also* 8/22/2024 Mot. Hrg. Tr. (ECF No. 281).) At that hearing, the Court DENIED FCA's Motion to Compel Arbitration (ECF No. 264) and GRANTED IN PART and DENIED IN PART FCA's Motion to Dismiss (ECF No. 265) with leave to amend. Specifically, the Court:

1

1. DENIED FCA's Motion to Dismiss certain claims under California's Unfair Competition Law ("UCL"), codified at California Business and Professions Code section 17200, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), codified at California Civil Code section 1750, *et seq.*, for failing to plead fraud with particularity under Federal Rule of Civil Procedure 9(b);

2. GRANTED but with leave to amend FCA's Motion to Dismiss the punitive damages claim under the CLRA for failing to plead the requirements under California Civil Code section 3294(b);

3. GRANTED but with leave to amend to be decided later FCA's Motion to Dismiss Plaintiff's UCL claim for failing to plead an inadequate legal remedy;

4. DENIED FCA's Motion to Dismiss Olson's Song-Beverly Act claim, codified at California Civil Code section 1790, *et seq.*, on the basis that Olson's Class Vehicle is not a "new" consumer good under the Act;

5. GRANTED but with leave to amend FCA's Motion to Dismiss the breach of express warranty claim for failing to plead reliance on the express warranty in the absence of privity;

6. DENIED FCA's Motion to Dismiss the breach of express warranty claim on the basis that the express warranty does not cover design defects; and

7. DENIED without prejudice FCA's Motion to Dismiss Olson's claims for failing to establish standing to sue on behalf of other Class Members who did not also purchase a 2018 Jeep Grand Cherokee.

This Order resolves the two outstanding issues related to: (1) whether to dismiss Olson's breach of express warranty claim and with or without leave to amend and (2) whether to permit the UCL claim to continue in the alternative until after a verdict has been reached on liability and remedy becomes an issue.

2

**DISCUSSION**

**I. The UCL Claim May Proceed as an Alternative Theory of Liability for Potentially Different Harms**

The Court dismissed the UCL cause of action for failing to plead an inadequate legal remedy. The Court reserved decision on whether Olson would be granted leave to amend to re-allege the UCL claim as an alternative basis for recovery. Upon further consideration, the Court GRANTS Olson leave to amend, and the issue of whether Olson's UCL claim must be dismissed under *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) must wait until after the jury decides liability.

As an initial matter, it is easy enough to plead an inadequate legal remedy. *See, e.g.*, *Valiente v. Simpson Imports, Ltd.*, No. 23-CV-02214-AMO, --- F. Supp. 3d ----, ----, 2024 WL 695700, at *13 (N.D. Cal. Feb. 20, 2024) (collecting cases). Olson must also plead and prove that he presented his vehicle with the defect for repair more than once but was denied. *See, e.g.*, *Moore v. Am. Honda Motor Co., Inc.*, No. 23-CV-05011-BLF, --- F. Supp. 3d ----, ----, 2024 WL 3416515, at *4 (N.D. Cal. July 15, 2024) (collecting cases). The more difficult question is whether the UCL claim may proceed as an alternative basis for recovery so late in the proceedings.

FCA, at oral argument and in its briefing, argued that cases in the Eastern District "trend toward disallowing pleading equitable relief in the alternative." (MTD Reply (ECF No. 274) at 4; 8/22/20224 Mot. Hr. Tr. at 20:7–13.) Class Counsel countered, arguing that the UCL claim is not pursued "to the exclusion of remedies at law . . . ." (Opp'n (ECF No. 272) at 19; *see* 8/22/2024 Mot. Hrg. Tr. at 18:24–19:19.)

More specifically, at oral argument, Class Counsel provided the helpful example of where a claim may fail under California's False Advertising Law but succeed under the UCL as a fraudulent or unfair business practice. (*See* 8/22/2024 Mot. Hr. Tr. at 19:3–19.) Many courts have accepted this argument. *See, e.g.*, *M.O. Dion and Sons, Inc. v. VP Racing Fuels, Inc.*, No. CV 19-5154-MWF (SSx), 2022 WL 18281526, at *8 (C.D. Cal. Nov. 2, 2022) ("As courts in this Circuit have held, a plaintiff

adequately demonstrates the lack of an alternative remedy at law when the elements of their legal claim requires proof of conduct beyond that which must be shown to establish liability under the UCL and FAL." (collecting cases)). However, following the Ninth Circuit's decision in *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023), other courts have held that "mere differences in proof between the claims does not make the CLRA remedy inadequate." *See, e.g.*, *Clevenger v. Welch Foods Inc.*, No. SACV 20-01859-CJC (JDEx), 2022 WL 18228288, at *5 (C.D. Cal. Dec. 14, 2022). Still, many cases hold that "[t]he availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct." *See, e.g.*, *Steiner v. Vi-Jon Inc.*, No. 23-CV-00473-AMO, --- F. Supp. 3d ----, ----, 2024 WL 1181002, at *7 (N.D. Cal. Mar. 18, 2024) (quoting *Luong v. Subaru of Am., Inc.*, No. 17-CV-03160-YGR, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018)) (collecting cases and recognizing *Clevenger*).

Based on the Court's reading of *Sonner* and *Guzman*, the Court grants leave to amend on the UCL claim and holds that the UCL claim may continue to proceed in the alternative until the jury reaches a decision on liability. "Unlike a claim for disgorgement or restitution, injunctive relief does not seek 'the same amount of money for the exact same harm' that [Olson] had suffered in the past." *Clark v. Eddie Bauer LLC*, No. 21-35334, 2024 WL 177755, at *844 (9th Cir. Jan. 17, 2024) (mem.) (non-precedential) (quoting *Sonner*, 971 F.3d at 844). As the Ninth Circuit has noted, it is an error to "conclud[e] that both 'past and future harms . . . are financial and both can be cured by the monetary damages." *Id.* (quoting *Andino v. Apple, Inc.* No. 2:20-CV-01628-JAM-AC, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021)). "Money damages are an inadequate remedy for future harm, as they will not prevent Defendant from continuing the allegedly deceptive practice." *Id.*

Moreover, the UCL claim might not necessarily pursue injunctive relief for the same theories of harm. In particular, the Class potentially seeks an injunction under a

potential failure to recall theory. (*See* 8/22/2024 Mot. Hrg. Tr. at 19:8–12.) In addition, and alternatively, the UCL claim potentially could seek an injunction compelling FCA to refrain from making similar advertisements in the future because Olson and the other Class Members "face[ ] the similar injury of being unable to rely on [FCA's] representations of its product in deciding whether or not she should purchase the product in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971–72 (9th Cir. 2018) (citations omitted). *See also Clark*, 2024 WL 177755, at *2 ("Although the reasoning of *Davidson* has since been called into question by the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court has not sufficiently undermined Davidson to meet the "clearly irreconcilable" standard that we articulated in *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (*en banc*).").

As a result, the Court concludes that the UCL claim may proceed as an alternative basis for providing theories of liability that would represent recovery for different harm than that which could be recovered under the CLRA or other legal causes of action, and that the Court cannot decide whether to dismiss the claim until after the jury determines under which theories FCA is liable. *Compare with Sonner*, 971 F.3d at 844 ("More importantly, Sonner concedes that she seeks the same sum in equitable restitution as 'a full refund of the purchase price' – $32,000,000 – as she requested in damages to compensate her for the same past harm."); *Guzman*, 49 F.4th at 1312–13 and n.2 (dismissing UCL and CLRA claims and rejecting argument that "they are not interchangeable" because of different statute of limitations, thus indicating that the two claims were alternative pleadings of the same *theory of liability* for the same harm); *Clevenger*, 2022 WL 18228288m at *5 ("The *Guzman* court's emphasis on the relief that could possibly be afforded under a claim, as opposed to possible hurdles the plaintiff might face in achieving that relief, indicates that mere differences in proof between the claims does not make the CLRA remedy inadequate.").

Therefore, the Court GRANTS leave to amend the UCL claim.

## II. Olson's Defect Materialized Too Late

The Court granted FCA's Motion to Dismiss the breach of express warranty claim as to the entire Class for failing to plead reliance on the express warranty in the absence of privity. However, the Court reserved decision on Olson's claim.

FCA argued that it complied with the terms of the express warranty because Olson alleges that the defective bracket did not cause the headrest to explode until 2023, more than three years after Olson first leased the vehicle in 2017. (*See* MTD at 8 (citing Third Am. Compl. (ECF No. 260) ¶¶ 29–30).) The Court agrees in light of *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006), *as modified* (Nov. 8, 2006).

In *Daugherty*, the California Court of Appeal favorably cited a Second Circuit case to hold that "a latent defect, discovered outside the limits of a written warranty, may [not] form the basis for a valid express warranty claim if the warrantor knew of the defect at the time of sale." 144 Cal. App. 4th at 830 (citing *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249–50 (2d Cir. 1986); *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1536 (D.D.C. 1984), *amended*, 592 F. Supp. 1359 (D.D.C. 1984), and *amended*, 612 F. Supp. 983 (D.D.C. 1985)). The California Court of Appeal worried that to hold otherwise would require the manufacturer "to insure that a vehicle it manufactures is defect-free for its entire life." *Id.* at 831 (quoting *Walsh*, 588 F. Supp. at 1536). As a result, the court declined to rewrite the express warranty because "Honda 'did not agree, and plaintiffs did not understand it to agree, to repair latent defects that lead to a malfunction after the term of the warranty.'" *Id.* at 832. The express warranty in *Daugherty*, like here, covered automobiles "for 3 years or 36,000 miles, whichever comes first," and stated that the manufacturer would "repair or replace any part that is defective in material or workmanship under normal use . . . ." *Id.* at 830. (*Compare with* ECF No. 265-1 at 5 ("The Basic Limited Warranty covers the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in material, workmanship, or factory preparation.").) Subsequently,

courts have consistently applied *Daugherty* to dismiss claims for breach of an express warranty where the defect manifested *after* the express warranty expired. *See, e.g.*, *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022–23 (9th Cir. 2008) (involving an express warranty that covered "any defective item"); *Milstead v. Gen. Motors LLC*, No. 21-CV-06338-JST, 2023 WL 4410502, at *10 (N.D. Cal. July 6, 2023).

Class Counsel contended in the Opposition and at oral argument that *Daugherty* and other cases could be distinguished because "FCA's warranty does not require defective parts to first fail in order for them to be covered under the warranty." (Opp'n (ECF No. 272) at 23; *see* 8/22/2024 Mot. Hr. Tr. at 23:23–25:22.) But neither did the warranty in *Daugherty*, where, like Class Counsel here, the plaintiff tried to "circumvent" the limitations in the express warranty by arguing that the warranty "does not provide or require that the defect must be 'found,' or 'discovered' during the warranty period[,]" and that the warranty "obligated [the defendants] to repair and/or replace any defect in material or workmanship at the time of sale and therefore within the warranty period." *Compare Daugherty v. Honda Motor Co., Ltd.*, No. BC308570, 2004 WL 5477109, at *2 (Cal. Super. Ct. June 23, 2004) *with* (Opp'n (ECF No. 272) at 23; 8/22/2024 Mot. Hrg. Tr. at 25:5-12). *See Daugherty*, 144 Cal. App. 4th at 831 ("At its core, Daugherty's claim is that because the language of Honda's express warranty did not state that the defect must be 'found,' 'discovered' or 'manifest' during the warranty period, the warranty covers any defect that 'exists' during the warranty period, no matter when or whether a malfunction occurs."). Thus, this argument fails.

As a result, the Court GRANTS FCA's Motion to Dismiss Olson's breach of an express warranty claim because the defect arose after the warranty ended. (See MTD (ECF No. 265) at 8–9.) However, Olson is granted leave to amend and allege, if possible, that he was given an extension when he bought the Vehicle.

## CONCLUSION

For the reasons set forth above and given at the Hearing on the Motions (*see* ECF No. 281), the Court DENIES FCA's Motion to Compel Arbitration and Stay

Proceedings (ECF No. 264) and GRANTS IN PART and DENIES IN PART FCA's Motion to Dismiss (ECF No. 265).  Olson has 14 days from the docketing of this Order to file any Fourth Amended Complaint consistent with the limited issues raised in this Order and at oral argument, and FCA has 14 days after being served any Fourth Amended Complaint to file its Answer or next responsive pleading.

     IT IS SO ORDERED.

Dated:   **September 20, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Olson.18cv360.MTC.Arb.and.MTD